IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANDREA MILLER, *Plaintiff*, | ) ) ) | |
| v. | ) ) ) | Civil Action No: _____ |
| WOODSTON MADDOX, *Defendant.* | ) ) ) | JURY DEMAND |

## COMPLAINT

1. Plaintiff Andrea Miller brings this damages action pursuant to 42 U.S.C. § 1983 against Defendant Woodston Maddox, an officer of the Metropolitan Nashville Police Department (MNPD), for malicious prosecution in violation of the Fourth Amendment to the United States Constitution.

## PARTIES

2. Plaintiff **Andrea Miller** ("Plaintiff") is an adult resident of Nashville, Tennessee.

3. Defendant **Woodston Maddox** ("Defendant") was at all times relevant to this Complaint a police officer with the Metropolitan Nashville Police Department (MNPD). Defendant Maddox is sued in his individual capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

//

//

## FACTUAL ALLEGATIONS

5. On August 31, 2011, at just past midnight., Plaintiff Andrea Miller was driving home to her residence at 612 Baldwin Court, Nashville Tennessee after working a night shift through *All-Star Personnel*.

6. Plaintiff Miller reached her neighborhood without incident and rounded the corner onto Baldwin Court, a cul-de-sac.

7. Meanwhile, Defendant Maddox was parked in his patrol car alongside Baldwin Court, near the entry intersection.

8. As Ms. Miller turned onto Baldwin, Defendant Maddox activated his "blue lights" and pulled his patrol car around behind her.

9. Ms. Miller was only one block from her home at 612 Baldwin Court, so she completed her drive home and pulled into her driveway.

10. Defendant Maddox pulled in behind Ms. Miller in her driveway, got out of his patrol car, walked up to her car, and shined his flashlight in her face.

11. Defendant Maddox then ordered Ms. Miller out of the car.

12. Ms. Miller complied by exiting the car.

13. Defendant Maddox then placed her under arrest. He handcuffed Ms. Miller and led her to his squad car.

14. Ms. Miller asked Defendant Maddox why he was arresting her; he responded, "For running a stop sign."

15. Defendant Maddox placed Ms. Miller into the back of his squad car.

16. Defendant Maddox then claimed that he had smelled marijuana in her car, and called another officer out to search her car.

2

17. The second officer arrived, searched Ms. Miller's car thoroughly, and found no contraband.

18. During this exchange, Defendant Maddox refused to believe that Ms. Miller resided at the home where she had parked, 612 Baldwin Court.

19. Ms. Miller's neighbor saw the commotion next door and came outside.

20. The neighbor explained to Defendant Maddox that Ms. Miller did, in fact, reside at 612 Baldwin Court.

21. Defendant Maddox told the neighbor that Ms. Miller had "smarted off" to him and that it did not matter whether or not she lived at 612 Baldwin Court.

22. Ms. Miller's neighbor then sent his wife to get Ms. Miller's father, who lived down the street.

23. Ms. Miller's father came and spoke to Defendant Maddox to attempt to resolve the situation, but Defendant Maddox insisted on taking Ms. Miller into custody.

24. Defendant Maddox then drove Ms. Miller to booking. He did not put her seatbelt on for the drive, and as she was handcuffed she could not put it on herself. Defendant Maddox drove aggressively and Ms. Miller was fearful for her safety.

25. Defendant Maddox charged Ms. Miller with *Resisting Arrest* and *Reckless Driving*.

26. Defendant Maddox falsely told the night court commissioner that Ms. Miller had almost hit two pedestrians on Baldwin Court.

27. After being booked into jail, Ms. Miller was incarcerated for three or four hours before she was released on "Pretrial Release" at the cost of thirty-five dollars ($35).

28. At the end of this ordeal, Plaintiff had abrasions on her wrists from the handcuffs.

29. Ms. Miller spent almost two years defending the meritless charges Defendant Maddox brought against her in the Davidson County General Sessions and Criminal Courts. She spent $600 in attorney's fees at the General Sessions stage of the proceedings, and was assessed a $350 administrative fee by the Criminal Court for its appointment of indigent counsel to her. Ms. Miller actively sought justice and requested a jury trial, which the Criminal Court scheduled for December 10, 2012. On December 7, 2012, the State attempted to end the case through the *nolle prosequi* procedural vehicle. Ms. Miller, through counsel, objected to the "nolle" and moved for a dismissal. Judge Fishburn reset the case for June 7, 2013. On June 7, 2013, Judge Fishburn granted Ms. Miller's motion and dismissed the case with prejudice.

## CLAIM FOR RELIEF

### COUNT I: MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT
### (42 U.S.C § 1983)

30. Plaintiff hereby re-alleges and incorporates the allegations in paragraphs 1-20 above.

31. Defendant Maddox charged Ms. Miller with the offenses of Reckless Driving and Resisting Arrest without probable cause.

32. The charges against Ms. Miller resulted in a deprivation of her liberty, in that she was taken into custody, jailed, and then forced to comply with Pretrial Release and attend court dates for approximately two years while defending her case.

33. The charges were ultimately resolved in Ms. Miller's favor when Judge Fishburn of the Davidson County Criminal Court dismissed them with prejudice on June 7, 2013.

34. Defendant Maddox acted with malice when he falsely arrested and charged Ms. Miller.

4
Case 3:13-cv-01270   Document 1   Filed 11/15/13   Page 4 of 6 PageID #: 4

35. Defendant Maddox's actions violated Ms. Miller's clearly established Fourth Amendment rights.

36. Plaintiff suffered injuries, including, but not limited to, violations of her constitutional rights, loss of liberty, humiliation, and emotional distress as a direct and proximate cause of Defendants' illegal actions.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Maddox as follows:

1. That she be awarded all damages to which it may appear she is entitled by the proof submitted in this cause, including nominal damages, compensatory, and punitive damages.
2. That she be awarded attorney's fees pursuant to 42 U.S.C. § 1988, plus compensation for any expert fees and costs reasonably expended by Plaintiff in pursuing this matter.
3. That she be awarded pre- and post-judgment interest.
4. That this cause be tried by a jury of 12.
5. That she be awarded all other relief to which it may appear she is entitled, the interests of justice demanding it.

Date: November 15, 2013

Respectfully submitted,

*[signature]*

Kyle Mothershead, BPR 22953
530 Church Street, Ste. 701
Nashville, TN 37219
(615) 239-0513
kyle@mothersheadlaw.com

R. Andrew Free, BPR 30513
P.O. Box 90568
Nashville, TN 37209
(615) 244-2202
Andrew@ImmigrantCivilRights.com
*Attorneys for Plaintiff*