IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANDREA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-1270 |
| | ) | Judge Campbell / Knowles |
| WOODSTON MADDOX, | ) | |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss Amended Complaint." Docket No. 18. Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 19. Defendant asserts that Plaintiff's claims against him should be dismissed because her malicious prosecution claim is based upon the initial traffic stop and arrest and is therefore actually a false arrest claim, which is time-barred, and because he "is absolutely immune for his testimony given at judicial proceedings, even if such testimony was perjurious." Docket No. 18, p. 2-3. Defendant further asserts:

> Alternatively, it was not clearly established that [he] could be held liable for malicious prosecution for swearing out false arrest affidavits and presenting them to the night court commissioner, which led to [Plaintiff] initially being held in custody. There was also no case law putting [him] on notice at the time of the incident that swearing out false arrest affidavits equated to "participation" in a prosecution that could render him liable for a Section 1983 malicious prosecution claim. Therefore [he] is entitled to qualified immunity for any claim related to his conduct in falsely charging [Plaintiff] with crimes on the night that he pulled her over.
>
> Additionally, it was not clearly established at the time of the events giving rise to the Amended Complaint that a police officer could be held civilly liable for perjuries courtroom testimony, given the

ample case law that police officer witnesses are absolutely immune
from liability related to their trial testimony.

*Id.*, p. 3-4 (internal citations and footnote omitted).

Plaintiff has filed a Response, arguing that she has stated a claim against Defendant because the "Sixth Circuit has long held that a law enforcement officer who makes, influences, or participates in the decision to prosecute a person without probable cause is subject to liability for malicious prosecution." Docket No. 20, p. 1, *citing Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)(*quoting Barnes v. Wright*, 449 F.3d 709 (6th Cir. 2006)). Plaintiff contends that she has set forth well-plead allegations establishing all four of the requisite elements of a malicious prosecution claim such that Defendant's "Motion to Dismiss Amended Complaint" should be denied. Docket No. 20, p. 3. Plaintiff further contends that Defendant is not entitled to qualified immunity because, "After arresting [her] without process, [he] made the decision to go before the Night Court Commissioner and initiate charges by submitting false affidavits accusing [her] of crimes that she had not committed," thereby initiating the false criminal charges and participating in her prosecution within the meaning set forth in *Sykes*.[1] *Id.*, p. 4.

With regard to Defendant's arguments distinguishing between false arrest and malicious prosecution claims, Plaintiff responds that the Supreme Court in *Wallace v. Kato* "held that false

---

[1] The Sixth Circuit, in *Sykes v. Anderson*, explained the meaning of "participation" in the context of a malicious prosecution claim as follows:

> The meaning of the term "participated" should be construed within the context of tort causation principles. Its meaning is akin to "aided." To be liable for "participating" in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating.

625 F.3d 294, 309, n. 5.

2

arrest and imprisonment address unlawful detention effected *without* legal process, while malicious prosecution addresses unlawful detention *with* legal process." *Id.*, p. 5, *quoting Wallace v. Kato*, 549 U.S. 384, 389 (2007). Plaintiff argues, therefore, that because General Sessions charges "plainly constitute 'legal process,' [Defendant's] wrongful institution of General Sessions charges sounds in malicious prosecution, not false arrest." Docket No. 20, p. 5. Plaintiff concedes that, "While Defendant may be correct that [his] initial warrantless arrest of [her] sounds within false arrest and is thus time-barred, as soon as Defendant Maddox initiated the false General Sessions charges the case shifted to one of wrongful legal process and malicious prosecution." *Id.*, p. 6-7. Plaintiff clarifies that she is not seeking damages for false arrest or false imprisonment for the arrest period prior to the institution of false charges against her, but rather, is seeking redress for Defendant's initiation of criminal prosecution against her without probable cause. *Id.*, p. 7.

Finally, with regard to Defendant's immunity arguments, Plaintiff responds that those arguments "speak to the absence of probable cause" and are irrelevant to the issue of his participation in the prosecution. *Id.* Plaintiff also notes that well-plead allegations "speaking directly to material false testimony resulting in indictment will overcome the *Barnes* rule and allow a malicious prosecution claim to proceed not withstanding a grand jury indictment." *Id.*, p. 8, *citing Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006).

Defendant has filed a Reply, arguing:

> Pursuant to the principles enunciated by the Supreme Court in *Wallace v. Kato*, even assuming that [Defendant] did present false affidavits to the night court commissioner, his actions in doing so sound in false arrest, not malicious prosecution. As discussed in detail in [Defendant's] motion to dismiss, any false arrest claim is time-barred. And only [Defendant's] actions taken *after* the night

3

> court commissioner bound [Plaintiff] over can form the basis of a
> malicious prosecution claim.
>
> Of course, the only action that [Defendant] allegedly took *after*
> that time was his courtroom testimony, for which he is absolutely
> immune.

Docket No. 23, p. 1-2 (emphasis original, internal citations omitted).

As recounted above, Plaintiff argues that the "Sixth Circuit has long held that a law enforcement officer who makes, influences, or participates in the decision to prosecute a person without probable cause is subject to liability for malicious prosecution." Docket No. 20, p. 1, *citing Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)(citation omitted). Defendant, in his Reply, attempts to distinguish *Sykes* on several grounds.

First, Defendant argues that Plaintiff has cited *Sykes* "as authority for the proposition that [Defendant] can be liable for malicious prosecution by merely arresting [her], then taking her before a night court commissioner who ordered her to be detained, and subsequently testifying at other phases in the criminal proceedings against her." Docket No. 23, p. 2. The facts are clear, however, that Defendant did more than "merely arrest[] Plaintiff." He swore out two "arrest warrants" against her, stating on oath that he had personally observed Plaintiff commit the offenses of reckless driving and "resisting stop, frisk, halt, arrest, or search." Docket Nos. 18-1, p. 1; 18-1, p. 2. He was identified as "PROSECUTOR" on both warrants. *Id.*

Defendant argues that "there was no authority, including *Sykes*, establishing 'beyond debate' that [Defendant's] particular conduct could amount to malicious prosecution." Even a cursory reading of *Sykes*, however, shows that this statement is simply not correct.

Defendant further argues that it does not appear that the police officer defendants in *Sykes* even raised the issue of their absolute testimonial immunity. But the issue of absolute

4

Case 3:13-cv-01270   Document 39   Filed 09/17/14   Page 4 of 6 PageID #: 153

testimonial immunity is essentially a red herring.  Plaintiff relies on *Sykes*, not for any issue regarding absolute testimonial immunity, but for the proposition that, in swearing out two arrest warrants against her, he made, influenced, or participated in a decision to prosecute Plaintiff without probable cause.

Next, Defendant argues that the plaintiff in *Sykes* brought both a false imprisonment / false arrest and a malicious prosecution claim.  While that may be true, the *Sykes* Court discussed the issues of malicious prosecution and unlawful arrest separately.

Defendant next argues that he is alleged to have presented false affidavits to the Night Court Commissioner before the Commissioner made the decision to "hold over" Plaintiff.  Defendant argues that he is "not alleged to have provided those [false] affidavits or any other investigatory materials to the District Attorney who prosecuted the case."  Docket No. 23, p. 3.  Once again, however, this alleged fact is simply irrelevant.  In swearing out two false warrants, which commanded "you [presumably Defendant] . . . forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee," Defendant made, influenced, or participated in the decision to prosecute Plaintiff.

For the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss Amended Complaint (Docket No. 18) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of

5

service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

Case 3:13-cv-01270   Document 39   Filed 09/17/14   Page 6 of 6 PageID #: 155