IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANDREA MILLER )
)
v. ) NO. 3-13-1270
) JUDGE CAMPBELL
WOODSTON MADDOX )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 39), Objections filed by the Defendant (Docket No. 40), and Plaintiff's Response to the Objections (Docket No. 41).

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the Response, and the file. The Objections of the Defendant are overruled, and the Report and Recommendation is adopted and approved.

To succeed on a Fourth Amendment malicious prosecution claim under Section 1983, Plaintiff must prove: (1) a criminal prosecution was initiated against her and Defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, Plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in Plaintiff's favor. *Johnson v. Smith-Johnson*, 2014 WL 3016267 at * 4 (M.D. Tenn. July 3, 2014) (citing *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010)). To be liable for "participating" in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating. *Sykes*, 625 F.3d at 309, n. 5. Defendant challenges the sufficiency of

Plaintiff's allegations as to the first element only and argues that Plaintiff's claim is for false arrest, rather than for malicious prosecution.

The Sixth Circuit recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment which encompasses wrongful investigation, prosecution, conviction and incarceration. The tort of malicious prosecution is entirely distinct from that of false arrest, as the malicious prosecution claim remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process. *Sykes*, 625 F.3d at 308.

The Court agrees with the Magistrate Judge that the allegations of Plaintiff's Amended Complaint (that Defendant swore out two arrest warrants against Plaintiff, stating on oath that he had personally observed her commit the offenses of reckless driving and resisting stop, frisk, halt, arrest, or search, and then presented those warrants and Plaintiff to the night commissioner, who detained Plaintiff based on Defendant's statements and actions) sufficiently state a claim for malicious prosecution under the standard for motions to dismiss. Defendant acted unilaterally by filing allegedly false charges against Plaintiff and was solely responsible for filing those charges in the General Sessions Court. These allegations arise from the detention of Plaintiff accompanied by the allegedly wrongful institution of legal process by Defendant.

An individual has a constitutional right to be free from malicious prosecution, a right that was clearly established well before the actions at issue herein. *See Johnson* at * 5. For purposes of a motion to dismiss, Plaintiff's Amended Complaint sufficient alleges that Defendant violated this clearly established constitutional right, precluding Defendant's claim of qualified immunity at this stage of the litigation.

Accordingly, Defendant's Motion to Dismiss Amended Complaint (Docket No. 18) is DENIED. This case is referred to the Magistrate Judge for further continued customized case management.

IT IS SO ORDERED.

                                                                          *Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE