UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANDREA MILLER, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:13cv1270 |
| ) | |
| v. ) | Judge Campbell |
| ) | Magistrate Judge Knowles |
| WOODSTON MADDOX, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant Woodston Maddox ("Officer Maddox") hereby submits this statement of undisputed material facts in support of his motion for summary judgment:

1. Officer Maddox arrested Andrea Miller ("Ms. Miller") on August 31, 2011. Declaration of Woodston Maddox ("Maddox Dec."), filed contemporaneously herewith, at ¶ 2.

   **RESPONSE:**

2. Officer Maddox charged Ms. Miller with Reckless Driving in violation of T.C.A. § 55-10-205. Maddox Dec. at ¶ 3 and Collective Exhibit A to Declaration.

   **RESPONSE:**

3. Officer Maddox also charged Ms. Miller with Resisting a Stop in violation of T.C.A. § 39-16-602. Maddox Dec. at ¶ 3 and Collective Exhibit A to Declaration.

   **RESPONSE:**

{N0058486.1}    1

4. After arresting Ms. Miller, Officer Maddox transported her to the Criminal Justice Center ("CJC") in downtown Nashville. Maddox Dec. at ¶ 4.

**RESPONSE:**

5. At the CJC, Officer Maddox appeared before a night court commissioner to testify regarding his probable cause for arresting Ms. Miller. Maddox Dec. at ¶ 5.

**RESPONSE:**

6. The night court commissioner found probable cause for the arrest and signed the arrest warrants. Maddox Dec. at ¶ 6.

**RESPONSE:**

7. Officer Maddox pulled up the arrest warrants forms attached to his Declaration as Exhibit A on a computer after arriving at the CJC. Maddox Dec. at ¶ 12.

**RESPONSE:**

8. Officer Maddox did not create the forms attached as Collective Exhibit A to his Declaration, and the "prosecutor" designation listed on the forms is not something that he typed in. Maddox Dec. at ¶ 13.

**RESPONSE:**

9. A preliminary hearing on the charges against Ms. Miller was held on November 3, 2011. Maddox Dec. at ¶ 8.

**RESPONSE:**

10. At the conclusion of the preliminary hearing, the judge bound Ms. Miller over to the grand jury. Maddox Dec. at ¶ 7.

**RESPONSE:**

11. Subsequently, the grand jury indicted Ms. Miller on the charge of violating T.C.A. § 55-10-205. *See* Criminal Court file attached to Declaration of Alfred Degrafinreid as Exhibit A, filed contemporaneously herewith, at MG000003-4.

**RESPONSE:**

12. The grand jury also indicted Ms. Miller on the charge of violating T.C.A. § 39-16-602. *Id*. at MG000003, MG000006.

**RESPONSE:**

13. The grand jury also indicted Ms. Miller on the charge of evading arrest by motor vehicle in violation of T.C.A. 39-16-603. *Id*. at MG000003, MG000005.

**RESPONSE:**

14. Officer Maddox did not charge Miller with violation of T.C.A. 39-16-603. *See* Deposition of District Attorney Kyle Anderson, excerpts attached to Motion as Exhibit C, at 7-8.

**RESPONSE:**


15. The evading charge was added by District Attorney Kyle Anderson. *Id.*

**RESPONSE:**


16. Officer Maddox did not testify before the grand jury. Maddox Dec. at ¶ 9.

**RESPONSE:**


17. Former MNPD Sergeant David Liles, who was working as a liaison for the District Attorney's Office at the relevant time period, presented the grand jury testimony that led to Ms. Miller's indictment. Deposition of David Liles ("Liles Depo."), relevant portions attached to Motion as Exhibit D, at 5, 7-8.

**RESPONSE:**


18. Mr. Liles does not recall the substance of his testimony. *Id.* at 29-30

**RESPONSE:**


19. Mr. Liles does not recall what documents or other information that he reviewed to prepare for his testimony. *Id.* at 29-30.

**RESPONSE:**

20. Mr. Liles does not recall speaking to Mr. Maddox about the case. *Id*. at 29-30.

   **RESPONSE:**


21. Ms. Miller was not present at the grand jury proceedings. Miller Depo. at 69.

   **RESPONSE:**


22. Ms. Miller has no knowledge regarding what testimony and information was presented to the grand jury. Miller Depo. at 69-70.

   **RESPONSE:**


23. Officer Maddox also gave Ms. Miller a citation for running a stop sign. Maddox Dec. at ¶ 10.

   **RESPONSE:**


24. Ms. Miller was ordered to pay a fine for running the stop sign after appearing in traffic court. Maddox Dec. at ¶ 11.

   **RESPONSE:**


25. During her video conference with the night court commissioner following her arrest, Ms. Miller was told that she could pay $45 and be released. Miller Depo. at 57-58.

   **RESPONSE:**

26. Ms. Miller paid that fine and went home that night. Miller Depo. at 57-58.

   **RESPONSE:**


27. Ms. Miller was only at the CJC for a "couple of hours total" following her arrest. Miller Depo. at 57-58.

   **RESPONSE:**


28. Officer Maddox did not provide any documents directly to the District Attorney's Office. Maddox Dec. at ¶ 14.

   **RESPONSE:**

          Respectfully submitted,

          THE DEPARTMENT OF LAW OF THE
          METROPOLITAN GOVERNMENT OF
          NASHVILLE AND DAVIDSON COUNTY
          JON COOPER (#23571)
          DIRECTOR OF LAW

          /s/Keli J. Oliver
          Keli J. Oliver (#21023)
          Melissa Roberge (#26230)
          Assistant Metropolitan Attorneys
          108 Metropolitan Courthouse
          P.O. Box 196300
          Nashville, Tennessee 37219
          615-862-6341

## CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was served via the court's CM/ECF system to the following:

R. Andrew Free
Kyle Mothershead
414 Union Street, Suite 900
Nashville, TN 37219

on this <u>27th</u> day of May, 2016.

                                             /s/Keli J. Oliver
                                             Keli J. Oliver

{N0058486.1}    7

Case 3:13-cv-01270  Document 62  Filed 05/27/16  Page 7 of 7 PageID #: 349