UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANDREA MILLER, ) | |
| ) | |
|     Plaintiff, ) | Case No. 3:13cv1270 |
| ) | |
| v. ) | Judge Campbell |
| ) | Magistrate Judge Knowles |
| WOODSTON MADDOX, ) | |
| ) | |
|     Defendant. ) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff hereby submits the following responses to Defendant's statement of undisputed material facts:

1. Officer Maddox arrested Andrea Miller ("Ms. Miller") on August 31, 2011. Declaration of Woodston Maddox ("Maddox Dec."), filed contemporaneously herewith, at ¶ 2.

   **RESPONSE:**

   **Undisputed.**

2. Officer Maddox charged Ms. Miller with Reckless Driving in violation of T.C.A. § 55-10-205. Maddox Dec. at ¶ 3 and Collective Exhibit A to Declaration.

   **RESPONSE:**

   **Undisputed**.

1

3. Officer Maddox also charged Ms. Miller with Resisting a Stop in violation of T.C.A. § 39-16-602. Maddox Dec. at ¶ 3 and Collective Exhibit A to Declaration.

**RESPONSE:**

**Undisputed**.

4. After arresting Ms. Miller, Officer Maddox transported her to the Criminal Justice Center ("CJC") in downtown Nashville. Maddox Dec. at ¶ 4.

**RESPONSE:**

**Undisputed**.

5. At the CJC, Officer Maddox appeared before a night court commissioner to testify regarding his probable cause for arresting Ms. Miller. Maddox Dec. at ¶ 5.

**RESPONSE:**

**Undisputed that Maddox testified to the commissioner about his alleged probable cause; however, disputed as to any implication that the purpose of the testimony was merely to justify the arrest. Rather, the purpose was to file criminal charges against Ms. Miller. As Defendant stated in his deposition, the the commissioner's determination is to assess whether there is probable cause "to continue forward." (Ex. K, Maddox Depo., 41:15 – 42:15; Ex. Q, Tommy Bradley Depo., 7:14 – 10:02).**

6. The night court commissioner found probable cause for the arrest and signed the arrest warrants. Maddox Dec. at ¶ 6.

**RESPONSE:**

**Undisputed that the commissioner found probable cause based on Maddox's false testimony and then signed the arrest warrants.**

7. Officer Maddox pulled up the arrest warrants forms attached to his Declaration as Exhibit A on a computer after arriving at the CJC. Maddox Dec. at ¶ 12.

**RESPONSE:**

**Disputed as stated. Maddox himself drafted the narrative in the affidavits as well as the other data particular to Ms. Miller's case. While Maddox did use existing templates on the computer at the CJC as a starting point for the warrants, he filled in the factual details with his own false allegations against Ms. Miller. Thus, he did not "pull up" the completed forms depicted in Ex. A. (ECF 63, <u>Maddox Decl.</u>, ¶ 13; Ex. K, <u>Maddox Depo.</u>, 41:07 – 41:13; Ex. Q, <u>Bradley Depo.</u>, 7:23 – 8:17; Ex. P, <u>Warrant Affidavits</u>).**

8. Officer Maddox did not create the forms attached as Collective Exhibit A to his Declaration, and the "prosecutor" designation listed on the forms is not something that he typed in. Maddox Dec. at ¶ 13.

**RESPONSE:**

**Disputed as stated. Maddox himself drafted the narrative in the affidavits as well**

3

**the other data particular to Ms. Miller's case. While Maddox did use existing templates on the computer at the CJC as a starting point for the warrants, he filled them in with his own false allegations against Ms. Miller. While Plaintiff cannot gainsay that Maddox may not have explicitly entered his name as "Prosecutor" on the warrant forms, apparently there must be an automatic function in the program such that the person who initiates the charges is (correctly) designated as the "Prosecutor." Maddox is also designated as "Prosecutor" on his arrest reports. (ECF 63, <u>Maddox Decl.</u>, ¶ 13; Ex. K, <u>Maddox Depo.</u>, 41:07 – 41:13; Ex. Q, <u>Bradley Depo.</u>, 7:23 – 8:17; Ex. M, <u>Arrest Report</u>, at 2; Ex. P, <u>Warrant Affidavits</u>).**

9. A preliminary hearing on the charges against Ms. Miller was held on November 3, 2011. Maddox Dec. at ¶ 8.

**RESPONSE:**

**Undisputed.**

10. At the conclusion of the preliminary hearing, the judge bound Ms. Miller over to the grand jury. Maddox Dec. at ¶ 7.

**RESPONSE:**

**Undisputed.**

11. Subsequently, the grand jury indicted Ms. Miller on the charge of violating T.C.A. § 55-10-205. *See* Criminal Court file attached to Declaration of Alfred Degrafinreid as Exhibit A, filed contemporaneously herewith, at MG000003-4.

4

**RESPONSE:**

**Undisputed**.

12. The grand jury also indicted Ms. Miller on the charge of violating T.C.A. § 39-16-602. *Id*. at MG000003, MG000006.

**RESPONSE:**

**Undisputed.**

13. The grand jury also indicted Ms. Miller on the charge of evading arrest by motor vehicle in violation of T.C.A. 39-16-603. *Id*. at MG000003, MG000005.

**RESPONSE:**

**Undisputed.**

14. Officer Maddox did not charge Miller with violation of T.C.A. 39-16-603. *See* Deposition of District Attorney Kyle Anderson, excerpts attached to Motion as Exhibit C, at 7-8.

**RESPONSE:**

**Undisputed.**

15. The evading charge was added by District Attorney Kyle Anderson. *Id.*

**RESPONSE:**

**Undisputed.**

16. Officer Maddox did not testify before the grand jury.  Maddox Dec. at ¶ 9.

**RESPONSE:**

**Undisputed.**


17. Former MNPD Sergeant David Liles, who was working as a liaison for the District Attorney's Office at the relevant time period, presented the grand jury testimony that led to Ms. Miller's indictment.  Deposition of David Liles ("Liles Depo."), relevant portions attached to Motion as Exhibit D, at 5, 7-8.

**RESPONSE:**

**Undisputed that Sergeant Liles was the person that presented Maddox's false allegations to the grand jury; however, as a point of clarification Sergeant Liles was employed by the MNPD at the time, not the District Attorney's Office.  (Ex. V, <u>Liles Depo</u>., 5:14 – 6:12).**


18. Mr. Liles does not recall the substance of his testimony.  *Id*. at 29-30

**RESPONSE:**

**Undisputed.**


19. Mr. Liles does not recall what documents or other information that he reviewed to prepare for his testimony.  *Id*. at 29-30.

**RESPONSE:**

**Undisputed.**

6

20. Mr. Liles does not recall speaking to Mr. Maddox about the case. *Id*. at 29-30.

**RESPONSE:**

**Undisputed.**

21. Ms. Miller was not present at the grand jury proceedings. Miller Depo. at 69.

**RESPONSE:**

**Undisputed.**

22. Ms. Miller has no knowledge regarding what testimony and information was presented to the grand jury. Miller Depo. at 69-70.

**RESPONSE:**

**Undisputed that Ms. Miller has no direct personal knowledge of what was presented. However, because Maddox's warrants and arrest reports were the only original sources of factual allegations in Sgt. Liles's file, the only reasonable inference is that Sgt. Liles presented a narrative that was based on Maddox's false allegations. (Ex. U, <u>Case Prep File</u>; Ex. V, <u>Liles Depo</u>., 9:18 – 10:18; 25:07 – 26:10).**

23. Officer Maddox also gave Ms. Miller a citation for running a stop sign. Maddox Dec. at ¶ 10.

**RESPONSE:**

**Undisputed.**

24. Ms. Miller was ordered to pay a fine for running the stop sign after appearing in traffic court. Maddox Dec. at ¶ 11.

**RESPONSE:**

**Undisputed for purposes of summary judgment.**

25. During her video conference with the night court commissioner following her arrest, Ms. Miller was told that she could pay $45 and be released. Miller Depo. at 57-58.

**RESPONSE:**

**Undisputed.**

26. Ms. Miller paid that fine and went home that night. Miller Depo. at 57-58.

**RESPONSE:**

**Disputed that the money Ms. Miller paid to be released from jail was a "fine." The fee, which was actually $35, was a supervision fee for the Davidson County Sheriff's Office's "Pretrial Release Program." The program allowed Ms. Miller to be released from jail without posting bond, but conditioned her freedom on paying the $35, calling her supervision officer every week, and attending all her court dates. (Ex. E, Miller Decl, ¶¶ 5 – 9; Ex. E-2, Pretrial Services Agreement). Undisputed that Ms. Miller was released from jail after being accepted for supervision by Pretrial Services.**

27. Ms. Miller was only at the CJC for a "couple of hours total" following her arrest. Miller Depo. at 57-58.

8

**RESPONSE:**

**Undisputed.**

28. Officer Maddox did not provide any documents directly to the District Attorney's Office. Maddox Dec. at ¶ 14.

**RESPONSE:**

**Undisputed that Maddox did not personally deliver the documents. However, in Davidson County the Assistant District Attorney who handles a case receives the warrant affidavits and arrest reports for every case that is assigned to him or her, so there was no need or reason for Maddox to personally deliver the reports. (Ex. N, <u>Vorhaus Depo.</u>, 6:19 – 7:09).**

Respectfully submitted,

<u>s/ Kyle Mothershead</u>
Kyle Mothershead, BPR 22953
414 Union Street, Suite 900
Nashville, TN 37219
T: (615) 982-8002 / F: (615) 229-6387
E: kyle@mothersheadlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **June 27, 2016** a copy of the foregoing **Plaintiff's Response to Defendant's Statement of Undisputed Facts** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including **Keli Oliver** and **Melissa Roberge**, Counsels for Defendant. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

<u>s/ Kyle Mothershead</u>
Kyle Mothershead