IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANDREA MILLER, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WOODSTON MADDOX, )<br>)<br>    Defendant. ) | Case No. 3:13-cv-01270<br>Judge Campbell / Frensley |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion for Summary Judgment. Docket No. 60. Along with his Motion, Defendant has contemporaneously filed a supporting Memorandum of Law, a Statement of Undisputed Material Facts, the Declaration with Exhibits of Woodston Maddox ("Defendant's Dec."), the Declaration with Exhibits of Alfred Degrafinreid ("Degrafinreid Dec."), excerpts from the Deposition of Andrea Miller ("Plaintiff's Dep."), excerpts from the Deposition of Woodston Maddox ("Defendant's Dep."), excerpts from the Deposition of Kyle Anderson ("Anderson Dep."), excerpts from the Deposition of David Liles ("Liles Dep."), and excerpts from the Deposition of David Vorhaus ("Vorhaus Dep."). Docket Nos. 60-1 - 64.

Plaintiff has filed a Response to Defendant's Motion and a Response to Defendant's Statement of Undisputed Material Facts. Docket Nos. 65, 66. Plaintiff has additionally filed 25 Exhibits, including: "All-Star Records," "Map of Baldwin Court Area," "Lot Map of Baldwin Court," "MNPD CAD History Activity Report," "GS Warrants," "Indictment," "Arrest Report,"

"Pretrial Services Agreement,"[1] "Preliminary Hearing Transcript," "Conditions of Release Order," "DA File General Sessions Notes," "MNPD Case Preparation File," "DA File Final Summary," "6/7/13 Criminal Court Minutes," the Declaration of Andrea Miller ("Plaintiff's Dec."), excerpts from Plaintiff's Deposition, excerpts from the Deposition of Calvin Miller ("C. Miller Dep."), excerpts from the Deposition of Eliza Smith ("E. Smith Dep."), excerpts from the Deposition of Dwight Smith ("D. Smith Dep."), excerpts from Defendant's Dep., excerpts from the Deposition of Tommy Bradley ("Bradley Dep."), excerpts from the Deposition of Kim Burnett ("Burnett Dep."), excerpts from the Liles Dep., excerpts from the Vorhaus Dep., and excerpts from the Anderson Dep. Docket Nos. 67-1 - 67-25, 69. Plaintiff has also manually filed a DVD and CD with Exhibits. Docket No. 68.

Defendant has filed a Reply to Plaintiff's Response. Docket No. 73.

Plaintiff filed her Amended Complaint in this Fourth Amendment malicious prosecution action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that Defendant: (1) charged her with Reckless Driving and Resisting Arrest without probable cause; (2) falsely testified before the Davidson County Grand Jury, resulting in the Grand Jury's issuance of an indictment against her for Reckless Driving, Evading Arrest in a Motor Vehicle, and Resisting Arrest; (3) intentionally swore out demonstrably false affidavits resulting in her being booked into jail, where she was incarcerated for three or four hours, before being released on "pretrial release"; and (4) falsely testified at her preliminary hearing. Docket No. 16. Plaintiff contends that the false charges against her resulted in the deprivation of her liberty, as she was taken into custody, jailed, forced

---

[1] Although docketed as "Pretrial Services Agreement," this document is actually headed "Pretrial Release Agreement." *See* Docket No. 67-6.

to comply with her conditions of pretrial release, had to attend numerous court dates defending her case, and "spent almost two years defending the meritless charges" Defendant brought against her in the Davidson County General Sessions and Criminal Courts. *Id.* Plaintiff avers that she spent $950 in attorney and administrative fees before Judge Fishburn dismissed the criminal case against her with prejudice on June 7, 2013. *Id.* Plaintiff sues Defendant in his individual capacity, seeking nominal, compensatory, and punitive damages, attorney's fees, expert fees and costs, pre- and post- judgment interest, and all other relief to which she may be entitled. *Id.*

Defendant filed the instant Motion and supporting materials arguing that he is entitled to summary judgment because the Grand Jury issued an indictment for the criminal charges at issue, which conclusively establishes probable cause for her arrest, and because the "false testimony" exception, which can be used to overcome an indictment's conclusive establishment of probable cause when a defendant's false testimony procures the indictment, does not apply since Defendant did not testify before the Grand Jury. Docket No. 60. Defendant notes that there is no record of the substance of any grand jury testimony, and argues that, accordingly, Plaintiff cannot show that false testimony was given to procure her indictment. *Id.*

Defendant further argues that Plaintiff cannot sustain her malicious prosecution claim because she did not suffer the requisite deprivation of liberty, as she was merely detained at the jail for a couple of hours after her arrest and was released without restriction after paying a $45 fine.[2] *Id.* Defendant also contends that he simply arrested Plaintiff and testified before the night

---

[2] Plaintiff's pretrial release fee was actually $35, and her Pretrial Services Agreement had several restrictions/conditions of release with which Plaintiff was required to comply. *See* Pretrial Services Agreement.

3

Case 3:13-cv-01270   Document 76   Filed 10/13/16   Page 3 of 16 PageID #: 720

court commissioner as to the probable cause for the arrest, and then appeared for court appearances and meetings with the District Attorney's Office when subpoenaed. *Id.* Defendant asserts that he took no other affirmative steps to encourage or influence the prosecution of Plaintiff so as to be liable for malicious prosecution under the Fourth Amendment. *Id.*

Finally, Defendant argues that he is entitled to qualified immunity because it was not clearly established at the time of the incident giving rise to the Amended Complaint that: (1) he could be held liable for malicious prosecution where Plaintiff had been indicted by a Grand Jury before which he did not testify; (2) a brief detention following an arrest could be construed as a secondary deprivation of liberty; and (3) the level of involvement that Defendant had in "prosecuting" this case was sufficient to render him liable for malicious prosecution. *Id.* Defendant contends, therefore, that Plaintiff cannot carry her burden to overcome the qualified immunity defense, such that he is entitled to summary judgment on all claims. *Id.*

Plaintiff responds that both this Court and the Sixth Circuit have already determined that Defendant initiated the prosecution of Plaintiff by filing the General Sessions charges against her on August 31, 2011, and that as such, the relevant inquiry for the probable cause element in this malicious prosecution action is whether Defendant had probable cause to file the General Sessions warrants. Docket No. 65, *citing* Docket No. 20-2 (*Maddox v. Miller*, Sixth Circuit Case No. 14-6216 ("The issuance of arrest warrants constitutes 'legal process.'"))[3]; Docket No. 42.

---

[3] On February 26, 2014, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. Docket No. 18. On September 17, 2014, United States Magistrate Judge E. Clifton Knowles issued a Report and Recommendation recommending that Defendant's Motion to Dismiss be denied (Docket No. 39), which Judge Campbell adopted on September 30, 2014 (Docket No. 42). Defendant appealed Judge Campbell's denial of his Motion to Dismiss to the Sixth Circuit on October 3, 2014 (Docket No. 45), and, on June 2, 2015, the Sixth Circuit Court of Appeals affirmed Judge Campbell's denial of Defendant's Motion to Dismiss (Docket No.

4

Plaintiff argues that because the prosecution was initiated by Defendant's August 2011 General Sessions warrants, not the March 2012 Grand Jury indictment, the Grand Jury indictment (issued 7 months after the filing of Plaintiff's charges and arrest) is "fundamentally irrelevant" to the question of whether Defendant had probable cause to initiate the prosecution. *Id., citing Sykes v. Anderson*, 625 F.3d 294, 310-11 (6th Cir. 2010); "General Sessions Warrants"; "Indictment."

Addressing whether Defendant had probable cause to charge Plaintiff with either Reckless Driving or Resisting a Stop, Plaintiff argues that, taking the facts and inferences in the light most favorable to her, the record shows that she stopped at the stop sign at Rowan and Cravath, safely made the right turn onto Rowan, safely made the right turn onto Baldwin Court, and then safely finished the short drive to her home without exceeding the speed limit and without encountering or endangering any pedestrians, such that Defendant lacked probable cause to charge her with Reckless Driving. *Id.* Plaintiff further argues that, taking the facts and inferences in the light most favorable to her, the record shows that although she may have initially refused to get out of her car and may have yelled at Defendant for pulling her over, Plaintiff eventually got out of the car on her own and did not physically struggle when Defendant placed her under arrest, establishing that she did not use "force against the law enforcement officer or another," such that Defendant lacked probable cause to charge her with Resisting a Stop. *Id.* Plaintiff contends that because Defendant's arrest warrants and testimony to the night court commissioner were false, and the night court commissioner based his determination that there was probable cause to issue the charges on Defendant's false warrants and testimony, the night court commissioner's finding that there was probable cause to issue the charges is not

---

47). Defendant thereafter filed the instant Motion for Summary Judgment. Docket No. 60.

5

preclusive as to the probable cause element. *Id.*, *citing Sykes*, 625 F.3d at 312.

Turning to Defendant's arguments that Plaintiff's indictment conclusively establishes probable cause and that the "false testimony" exception is inapplicable because he did not personally testify before the Grand Jury, Plaintiff responds that the indictment is not preclusive because it was fundamentally tainted since it was the result of a testimonial narrative that was ultimately based on Defendant's false warrant affidavits and false arrest report. *Id., citing Snow v. Nelson*, 634 Fed. Appx. 151, 156-57 (6th Cir. 2015). Plaintiff acknowledges that it was Sgt. Liles, not Defendant, who testified before the Grand Jury, but argues that Sgt. Liles' job was to present a testimonial narrative based upon the factual allegations in the file that was given to him. *Id.*, *citing* Liles Dep., 13:03-13:25. Plaintiff asserts that the only sources of factual allegations in that file were Defendant's warrant affidavits, Defendant's arrest report, and the MNPD Case Prep Summary narrative (which was developed by MNPD employee Kim Burnett based on Defendant's warrants and report). *Id., citing* Case Prep File; Burnett Dep., 16:10-18:05. Plaintiff concedes that there is no recording of the Grand Jury testimony, but asserts that Sgt. Liles took an oath to testify truthfully regarding the information that was in the file, and argues that the Grand Jury's "true bill" of the charges corroborates that Sgt. Liles must have accurately conveyed Defendant's false factual allegations. *Id.*

Regarding Defendant's assertion of qualified immunity, Plaintiff responds that Defendant's argument fails to acknowledge that he violated her clearly established Fourth Amendment rights by filing the false charges against her in the first place. *Id., citing* Docket No. 20-2 (*Maddox*, Sixth Circuit Case No. 14-6216 ("As early as 1999, we held that 'a reasonable police officer would be on notice that unlawfully detaining a suspect, despite the fact that the

6

evidence used to detain that individual, was fabricated, would . . . be unlawful.'")). Plaintiff further argues that the Sixth Circuit has already recognized that the "false evidence" exception is not as narrowly circumscribed as Defendant contends, because it has denied qualified immunity to a defendant who did not personally testify before a grand jury, but rather, who had participated in procuring a false indictment by arranging for the presentation by another of false evidence to a grand jury. *Id., citing Spurlock v. Satterfield*, 167 F.3d 995, 999, 1007 (6th Cir. 1999).

Plaintiff argues that Defendant is not entitled to summary judgment because he initiated the false charges in the first place and provided the false reports that became the basis upon which Sgt. Liles formed his Grand Jury testimony. *Id.* Plaintiff further argues that, construing the facts and inferences in the light most favorable to her, Defendant knew that his allegations were false. *Id., citing Meeks v. Larsen*, 611 F. App'x 277, 282 (6th Cir. 2015) ("There is an exception to [the general rule regarding the preclusive effect of grand jury indictments] when the defendants knowingly presented false testimony to the grand jury to obtain the indictment . . . or testified with reckless disregard for the truth.").

Turning next to Defendant's argument that Plaintiff did not suffer the requisite deprivation of liberty, Plaintiff responds that "both this Court and the Sixth Circuit have effectively already addressed this issue, holding that the period during which [Plaintiff] was detained in jail on the criminal charges, before she was released on pretrial release, constituted an infringement of liberty." *Id.*, *citing* Docket No. 20-2 (*Maddox*, Sixth Circuit Case No. 14-6216). Plaintiff further argues that she suffered continued infringement throughout the duration of her criminal case because her release was subject to the supervision and conditions of the Sheriff's Office Pretrial Release program, which required her to call in every week as a continuing

7

condition of her freedom. *Id., citing* Plaintiff's Dec., ¶¶ 5-9; Pretrial Services Agreement; Conditions of Release.[4]

Finally, addressing Defendant's argument that he did not "participate" in this prosecution, Plaintiff responds that both this Court and the Sixth Circuit have rejected Defendant's argument: "In light of *Wallace* and *Sykes*, it was clearly established at the time of [Plaintiff's] arrest that the submission of affidavits to a General Sessions Court for the purpose of obtaining arrest warrants and initiating criminal charges could give rise to a Fourth Amendment claim of malicious prosecution." Docket No. 20-2 (*Maddox*, Sixth Circuit Case No. 14-6216). Plaintiff additionally responds that Defendant cannot escape liability by pointing to the subsequent acts of other officials because those officials would never have encountered the charges but, for Defendant having unilaterally filed them. *Id.*, *citing* Defendant's Dep., 42:06-42:12; Vorhaus Dep., 17:15-18:12; Anderson Dep., 37:13-37:18. As support, Plaintiff cites the Sixth Circuit's holding in *Sykes*: "[I]f police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him . . . . [Officers] cannot hide behind the officials whom they have defrauded." *Id.*, *quoting Sykes*, 625 F.3d at 317. Plaintiff reiterates that the Sixth Circuit has already held that Defendant "participated" in the prosecution of Plaintiff by filing the false charges, such that Defendant is not entitled to summary judgment. *Id.*, *referencing* Docket No. 20-2 (*Maddox*, Sixth Circuit Case No. 14-6216).

Defendant, in his Reply, reiterates his contention that Plaintiff's indictment precludes her

---

[4] Plaintiff notes that she made 66 weekly compulsory calls to her Pretrial Officer over the course of her criminal case. *Id.*, *citing* Plaintiff's Dec., ¶¶ 10, 11.

8

malicious prosecution claim. Docket No. 73. Defendant argues that Plaintiff cites false arrest case law to support her position, but notes that Plaintiff has not filed a false arrest action, nor can she now do so, since such an action would be time-barred. *Id.* Defendant argues that Plaintiff cannot ask the Court to infer that Sgt. Liles "must have" relied upon Defendant's false statements in testifying before the Grand Jury, thereby obtaining the indictment essentially through "third party" false testimony, because Sgt. Liles does not recall the substance of his Grand Jury testimony, nor does he recall whether he reviewed the arrest reports or arrest warrants or any other documents in preparing to give (or giving) his testimony. *Id., citing* Liles Dep., 29:4-30:20. Defendant argues that, without a transcript of the Grand Jury proceedings, there is no evidence upon which such an inference can reasonably be drawn. *Id.* Defendant contends that testimony regarding what Sgt. Liles might typically have looked at in a file before testifying does not establish what he looked at or relied upon in Plaintiff's case. *Id.* Defendant maintains that, absent evidence determining what was told to the Grand Jury, and whether it was false, the indictment establishes probable cause for the prosecution and he is entitled to qualified immunity. *Id.*

Defendant also replies that he "would be immune from liability for his role in presenting false charges to a night court commissioner." *Id.* Defendant argues that he is entitled to absolute testimonial immunity for his actions, even though Plaintiff's contention that "the night court commissioner's determination that there was probable cause to issue the charges is not preclusive as to the probable cause element, because the commissioner's determination was based entirely on [Defendant's] false testimony," is accurate. *Id.* Defendant contends that the absolute testimonial immunity doctrine establishes that he cannot be civilly liable for testimony given

9

before the night court commissioner or the affidavits presented along with that testimony. *Id., citing Rehberg v. Paulk,* 132 S. Ct. 1497, 1500 (2012); *Cross v. Metro Gov't of Nashville/ Davidson Cty.*, 2014 WL 7240132, at *6 (M.D. Tenn. 2015).

With regard to whether Plaintiff has suffered the requisite deprivation of liberty, Defendant replies that neither the Sixth Circuit, nor the Supreme Court, has squarely addressed whether a brief detention in jail followed by pretrial release pursuant to a bond is a deprivation of liberty for malicious prosecution purposes. *Id.* Defendant argues that, accordingly, Plaintiff cannot establish the "deprivation of liberty" element of her claim and he is entitled to qualified immunity. *Id.*

Finally, Defendant, in his Reply, argues that the record establishes that he did not "participate" in Plaintiff's prosecution. *Id.* Defendant argues that the factual record has been developed since his argument was rejected at the motion to dismiss stage and it "shows how limited [his] role was in [Plaintiff's] prosecution." *Id.* Defendant maintains that Plaintiff was indicted on an additional charge not even brought by him. *Id., citing* Docket No. 66, ¶¶ 14, 15. Defendant contends that the "developed factual record warrants a re-examination of the 'participation' element" of Plaintiff's malicious prosecution claim. *Id.* Defendant asserts that he is entitled to qualified immunity on this element as well. *Id*

For the reasons discussed below, the undersigned finds that genuine issues of material fact exist and that Defendant is not entitled to a judgment as a matter of law; summary judgment is, accordingly, inappropriate. The undersigned therefore recommends that Defendant's Motion for Summary Judgment (Docket No. 60) be DENIED.

## II. Law and Analysis

### A. Summary Judgment Standards

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at

11

322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**B. 42 U.S.C. § 1983**

Plaintiff alleges violations of her Fourth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 16. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

12

**C. Case at Bar**

As discussed above, under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In support of their positions, the parties in the instant action have submitted Declarations from Plaintiff, Defendant, and Alfred Degrafinreid; excerpts from the Depositions of Plaintiff, Defendant, Kyle Anderson, David Liles, David Vorhaus, Calvin Miller, Eliza Smith, Dwight Smith, Tommy Bradley, and Kim Burnett; and the following: "All-Star Records," "Map of Baldwin Court Area," "Lot Map of Baldwin Court," "MNPD CAD History Activity Report," "GS Warrants," "Indictment," "Arrest Report," "Pretrial Services Agreement,"[5] "Preliminary Hearing Transcript," "Conditions of Release Order," "DA File General Sessions Notes," "MNPD Case Preparation File," "DA File Final Summary," "6/7/13 Criminal Court Minutes," and a manually filed DVD and CD with Exhibits. Docket Nos. 60-1 - 64, 67-1 - 67-25, 68.

Defendant's arguments regarding why he is entitled to a judgment as a matter of law can best be summarized as: (1) because the Grand Jury returned an indictment against Plaintiff, that indictment establishes as a matter of law that he had probable cause to arrest Plaintiff; (2) because it was Sgt. Liles, not Defendant, who testified before the Grand Jury, because Sgt.

---

[5] Although docketed as "Pretrial Services Agreement," this document is actually headed "Pretrial Release Agreement." *See* Docket No. 67-6.

13

Liles does not remember what he said, and because there is no record of the Grand Jury testimony which can establish what was said, the "false testimony" exception to the presumption of probable cause resulting from the issuance of an indictment is inapplicable to the instant action; (3) Plaintiff's allegations more appropriately give rise to a false arrest claim, not malicious prosecution claim, and any such false arrest claim is now time-barred; (4) Plaintiff did not suffer the deprivation of liberty required to sustain a malicious prosecution claim; (5) Defendant did not participate in the prosecution of Plaintiff; and (6) Defendant is entitled to qualified immunity. Docket Nos. 60, 61.

Defendant, as the moving party, bears the burden of establishing the absence of a genuine issue as to material fact concerning an essential element of Plaintiff's claim. *Celotex*, 477 U.S. at 323; *Street*, 886 F.2d at 1477. Defendant has failed to meet his burden. Although Defendant does not address the factual disputes that are present and instead focuses on the above-mentioned reasons why he is entitled to a judgment as a matter of law, the Sixth Circuit has already found in this action that: (1) Plaintiff has appropriately asserted a malicious prosecution claim; (2) Plaintiff did suffer the requisite deprivation of liberty; (3) Defendant did participate in the prosecution of Plaintiff; and (4) Defendant was not entitled to qualified immunity. Docket No. 20-2 (*Maddox*, Sixth Circuit Case No. 14-6216). Additionally, while not squarely addressing whether the issuance of an indictment based upon the grand jury testimony of a third-party who testified based upon false information contained in a file can overcome a malicious prosecution claim brought against the person who put the false information in the file, the Sixth Circuit has stated that malicious prosecution remedies detention brought about by the "wrongful institution of legal process," and has found that the issuance of arrest warrants constitutes legal process. *Id.*,

14

*citing Sykes*, 625 F.3d at 308, *quoting Wallace v. Kato*, 549 U.S. 384, 390 (2007); *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997); *State v. Mitchell*, 593 S.W.2d 280, 286 (Tenn. 1980). Of Plaintiff's claim, the Sixth Circuit observed, "This is the exact harm that a malicious-prosecution claim is intended to remedy." *Id.*, *citing Wallace*, 549 U.S. at 390.

In finding that: (1) a malicious prosecution claim can be triggered by the issuance of arrest warrants; (2) Defendant sufficiently participated in the prosecution of Plaintiff; and (3) Defendant is not entitled to qualified immunity, the main issue in the case at bar is whether the information included in the arrest report and to which Defendant swore in the affidavits, presented to the night court commissioner, and placed in Plaintiff's file, was truthful, so as to constitute probable cause to file the General Sessions warrants and initiate the prosecution of Plaintiff. Viewing the evidence in the light most favorable to the nonmoving party, as the Court must do (*Matsushita Electric Indus. Co.,* 475 U.S. at 587), a review of the submitted materials reveals that there are genuine issues of material fact regarding whether Defendant falsely drafted the narrative and other data in the affidavits for Plaintiff's arrest warrants, including, *inter alia,* (1) whether Plaintiff stopped at the stop sign at issue (and whether that stop sign was visible from where Defendant's police vehicle was parked); (2) whether Plaintiff was speeding on Baldwin Court; (3) whether there were pedestrians out (and whether Plaintiff almost hit them); (4) whether Plaintiff's pulling into her driveway constituted a failure to stop; (5) whether Plaintiff had to be forcefully removed from her vehicle; and (6) whether Plaintiff struggled or otherwise resisted arrest. *See, e.g.,* Plaintiff's Dec., Plaintiff's Dep., Defendant's Dep., C. Miller Dep., D. Smith Dep., E. Smith Dep., Preliminary Hearing Transcript, Map of Baldwin Court Area, Lot Map of Baldwin Court Area, Arrest Report, General Sessions Warrants. Because "the

15

evidence is such that a reasonable jury could return a verdict for the nonmoving party" (*Anderson*, 477 U.S. at 248), these factual disputes are "genuine."

Plaintiff, through her submission of deposition excerpts, declarations, and other exhibits, has set forth specific facts showing that there is a genuine issue for trial; accordingly, Defendant is not entitled to a judgment as a matter of law, and summary judgment is not warranted.

### III. Conclusion

For the reasons discussed below, the undersigned finds that genuine issues of material fact exist and that Defendant is not entitled to a judgment as a matter of law. The undersigned therefore recommends that Defendant's Motion for Summary Judgment (Docket No. 60) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge