IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANDREA MILLER )
)
v. ) NO. 3-13-1270
) JUDGE SHARP
WOODSTON MADDOX )

MEMORANDUM AND ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 76), Objections filed by the Defendant (Docket No. 77), and a Response to Objections filed by the Plaintiff (Docket No. 78). The Magistrate Judge recommended that Defendant's Motion for Summary Judgment (Docket No. 60) be denied.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections, the Response, and the file. The Court finds that the Objections of the Defendant are well-taken, and the Report and Recommendation is rejected. Accordingly, Defendant's Motion for Summary Judgment (Docket No. 60) is GRANTED, and this action is DISMISSED.

INTRODUCTION

Plaintiff Miller's Amended Complaint alleges, pursuant to 42 U.S.C. § 1983, a claim for Fourth Amendment malicious prosecution against Defendant Maddox. She contends that Defendant charged her with reckless driving and resisting arrest without probable cause, falsely testified against her before the grand jury and at her preliminary hearing, and intentionally swore out false affidavits resulting in her being booked into jail.

Defendant has filed a Motion for Summary Judgment, contending that he is entitled to judgment as a matter of law because the grand jury returned an indictment against Plaintiff, which conclusively establishes that Defendant had probable cause to arrest Plaintiff. Defendant also argues that he did not testify before the grand jury in Plaintiff's case; another officer did. Defendant represents that there is no record of the grand jury testimony which was given, and the officer who gave it does not remember what he said, so Plaintiff cannot show that anyone presented false testimony. Defendant further contends that Plaintiff's allegations are more appropriately characterized as a false arrest claim, not a malicious prosecution claim, and that Plaintiff did not suffer the deprivation of liberty required to sustain a malicious prosecution claim. Finally, Defendant argues that he did not participate in the prosecution of Plaintiff and he is entitled to qualified immunity.

## MALICIOUS PROSECUTION

To succeed on a malicious prosecution claim under Section 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove that (1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). The tort of malicious prosecution is entirely distinct from that of false arrest, as the malicious prosecution tort remedies detention accompanied not by *absence* of legal process, but by *wrongful institution* of legal process. *Id* at 307.

There is no dispute that a criminal prosecution was initiated against Plaintiff Miller. The parties dispute whether Defendant made, influenced or participated in the decision to prosecute. To be liable for "participating" in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating. *Sykes*, 625 F.3d at 309. The Magistrate Judge stated that Defendant's submission of affidavits to a General Session Court Commissioner for the purpose of obtaining arrest warrants and criminal charges constituted more than passive or neutral participation in the decision to prosecute.[1] In so finding, he relied upon the Sixth Circuit Court of Appeals' decision in this case (Docket No. 47) wherein the appellate court affirmed this Court's denial of Defendant's Motion to Dismiss on qualified immunity grounds.

Defendant correctly points out that the Sixth Circuit made that statement in ruling on a motion to dismiss, not a motion for summary judgment, and the legal standards are different. On a motion to dismiss, the court is simply determining whether the plaintiff has alleged sufficient facts to proceed with the lawsuit, and the court must accept all the allegations of the Complaint as true. On summary judgment, a plaintiff must do more - she must show that, after discovery, there is a genuine issue of material fact and that the defendant is not entitled to judgment as a matter of law. Moreover, the Sixth Circuit was determining whether Plaintiff had sufficiently alleged her claims to overcome a qualified immunity defense only - not whether Plaintiff had demonstrated sufficient facts to prove a malicious prosecution claim.[2]

---

[1] There was also a preliminary hearing on the charges against Plaintiff, at the conclusion of which, the judge bound Plaintiff over to the grand jury.

[2] As noted by the Sixth Circuit, Defendant's appeal was an interlocutory appeal challenging only the district court's determination that he was not entitled to qualified immunity. Docket No. 47.

Plaintiff must also show that there was no probable cause for the prosecution. Defendant argues that the grand jury indictment in this case conclusively determines the existence of probable cause. The finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause. *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006). There is an exception to this general rule when a defendant deliberately or recklessly presents false testimony to a grand jury in order to obtain an indictment. *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014). Thus, Plaintiff's burden on this motion was to adduce evidence that Defendant knowingly or recklessly presented false testimony to the grand jury. Plaintiff has failed to meet this burden.

Plaintiff has not disputed Defendant's claim that he did not testify before the grand jury in this case; another officer testified. No matter who testified, however, there is no record of the grand jury proceedings, so the Court cannot discern the content of any presumed testimony, much less whether it was deliberately or recklessly false. *See, e.g.*, *Snow v. Nelson*, 634 Fed. Appx. 151, 157 (6th Cir. 2015). The other officer has testified that he does not remember the substance of his testimony or his preparation for giving that testimony. The Court cannot speculate as to what testimony was before the grand jury. *Tinney v. Richland County*, 2016 WL 397963 at * 13 (N.D. Ohio February 2, 2016).

Plaintiff cannot sustain her burden of showing an exception to the general rule that an indictment conclusively determines the existence of probable cause because she cannot show that anyone deliberately or recklessly presented false testimony to the grand jury in her case. There is no record from which an inference could be drawn that Plaintiff's indictment was secured through false testimony, so Plaintiff has not shown a lack of probable cause.

4

Alternatively, even if Defendant's statements to the night court commissioner (rather than testimony before the grand jury) are considered the initiation of allegedly false charges, as Plaintiff argues, Defendant is entitled to immunity for those statements.[3] In *Briscoe v. LaHue*, 103 S.Ct. 1108 (1983), the Supreme Court held that witnesses alleged to have given false testimony, including police officers, are absolutely immune from a suit for damages under Section 1983. *Id*. at 1119-20; *see also Rehberg v. Paulk*, 132 S.Ct. 1497, 1498-99 (2012) ("A witness in a grand jury proceeding is entitled to the same absolute immunity from suit under Section 1983 as a witness who testifies at trial."). The Supreme Court also made clear that this broad immunity applies not only to a witness's actual testimony to the grand jury, but also to preparatory activities leading up to the grand jury testimony. *Id*. at 1506-07; *Cross v. Metropolitan Govt. of Nashville/Davidson County*, 2014 WL 7240132 at * 6 (M.D. Tenn. Dec. 18, 2014).

## CONCLUSION

For these reasons, the Court finds that Defendant's Motion for Summary Judgment (Docket No. 60) is GRANTED, and this action is DISMISSED. Any other pending Motions are denied as moot. The pretrial conference set for March 13, 2017, and the jury trial set for March 21, 2017, are canceled. This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

*/s/ Kevin H. Sharp*
_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

---

[3] The Sixth Circuit opinion does not address witness immunity in its opinion in this case. Docket No. 47.